Daniel A. Schnapp (DS 3484)
FOX ROTHSCHILD LLP
*Attorneys for Plaintiff*
100 PARK AVENUE, SUITE 1500
NEW YORK, NEW YORK 10017

12 CIV 0376

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JBHA MANAGEMENT LLC,

           Plaintiff,

   -against-

IMAGE RENTAL SERVICES, INC. f/k/a CURTIS MATHES, INC.,

           Defendant.

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

JBHA Management, LLC ("Plaintiff" or "JBHA"), by its attorneys, Fox Rothschild LLP, as and for its Complaint against Defendant Image Rental Services, Inc. f/k/a Curtis Mathes, Inc. ("Defendant" or "Image Rental Services"), allege upon information as to its own actions, and, upon information and belief, as to the actions of others, as follows:

### INTRODUCTION

1. This case arises out of Defendant's wrongful and explicit breach of an agreement with Plaintiff to manufacture and sell 245 LCD televisions, and Defendant's wrongful conversion of the deposit paid by Plaintiff for the televisions.

### THE PARTIES

2. Plaintiff is a New York corporation with its offices located at 600 Madison Avenue, New York, New York 10022.

3. Upon information and belief, Defendant has a principal place of business located at 6136 Frisco Square Blvd. Suite 400 Frisco, Texas 75034.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the subject matter of this action under 28 U.S.C. §1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has jurisdiction over Defendant pursuant to Sections 301 of the New York Civil Practice Law and Rules ("CPLR") because, for among other reasons, Defendant systematically conducts business in the State of New York and Defendants transact and solicit business in the State of New York.

6. This Court also has jurisdiction over Defendant pursuant to Section 302(a)(3) of the CPLR because Defendant committed a tortious act without the state causing injury to person or property within the state and Defendant regularly does or solicits business, or engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in New York.

7. Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. On or about May 16, 2011, Defendant, as seller, entered into an explicit contract for the manufacture and sale of 245 LCD televisions to Plaintiff, as buyer (the "Contract"), through Plaintiff's purchasing agent, Purchasing Management International L.P. ("PMI").

9. All parties were aware that the televisions were intended by Plaintiff to be used as part of Plaintiff's hotel business.

10. The Contract was negotiated by Plaintiff in New York, New York and executed by Plaintiff in New York, New York.

11. The Contract provides that "it is the express responsibility of seller to comply with timely delivery as stated on this purchase order."

12. Under the Standard Terms and Conditions set forth in the Contract, the Defendant, as seller, is responsible for any damages incurred by reason of the Defendant's delays in performance.

13. Under the Standard Terms and Conditions set forth in the Contract, upon Defendant's default under the Contract, Plaintiff is explicitly entitled to terminate the order, and recover from Defendant "all losses or damages, direct or consequential, and reasonable costs and attorneys' fees, suffered or incurred by reason of or as a result of Seller's default."

14. Pursuant to the Contract, on June 8, 2011, PMI, on behalf of Plaintiff, tendered a 50% deposit in the amount of $77,008.42 (the "Deposit").

15. Defendant failed to deliver the televisions in a timely manner as required under the Contract.

16. Accordingly, on December 8, 2011, Plaintiff exercised its contractual right to cancel the order.

17. On December 29, 2011, Plaintiff, by and through its Attorneys, issued demand on Defendant for the amount due and owing from Defendant to Plaintiff on account of Defendant's breach of the Contract.

18. Despite due demand, Defendant has wrongfully refused to return the deposit.

19. Plaintiff has sustained damages by reason of Defendant's wrongful acts.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

20. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully stated herein.

21. The Contract constitutes a valid and binding contract between Plaintiff and Defendant.

22. In accordance with the terms of the Contract, Plaintiff tendered the Deposit to Defendant.

23. Plaintiff complied with all of its obligations under the Contract.

24. Defendant's failure to deliver the LCD televisions to Plaintiff constitutes a material breach of contract.

25. Plaintiff exercised its contractual right to cancel the order and demanded repayment of the Deposit from Defendant.

26. Defendant has failed and refused to return the Deposit due and owing to Plaintiff.

27. Defendant's refusal to pay Plaintiff the Deposit, despite proper demand, constitutes a material breach of contract.

28. The Contract provides that, upon Defendant's default under the Contract, Plaintiff is explicitly entitled to terminate the order, and recover from Defendant "all losses or damages, direct or consequential, and reasonable costs and attorneys' fees, suffered or incurred by reason of or as a result of Seller's default."

29. Plaintiff has been damaged as a result of Defendant's continuing and ongoing breach of contract in the amount of at least $77,008.42, plus all losses or damages, direct or consequential, interest, costs, disbursements and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unjust Enrichment)

30.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully stated herein.

31.     To the extent Defendant has received the Deposit tendered by Plaintiff pursuant to the Contract without providing the 245 LCD televisions, Defendant has been unjustly enriched at Plaintiff's expense.

32.     A return of the Deposit has been demanded by Plaintiff and has not been made by Defendant.

33.     The circumstance of the enrichment is such that it would be unjust, in equity and in good conscience, to permit Defendant to retain the Deposit without providing the 245 LCD televisions.

34.     As a result, Plaintiff is entitled to recover the value of the benefit conferred upon Defendant, in an amount of at least $77,008.42, plus all losses or damages, direct or consequential, interest, costs, disbursements and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

35.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully stated herein.

36.     The Contract between Plaintiff and Defendant contains an implicit covenant of good faith and fair dealing.

37.     Defendant's actions breached the covenant of good faith and fair dealing by failing to deliver the LCD televisions to Plaintiff and by failing to return the Deposit to Plaintiff pursuant to terms of the Contract.

38.     As a result of Defendant's breach of implied covenant of good faith and fair dealing, Plaintiff has incurred damages in an amount of at least $77,008.42, plus all losses or damages, direct or consequential, interest, costs, disbursements and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Conversion)

39.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully stated herein.

40.     Defendant has wrongfully retained the Deposit, to the exclusion of Plaintiff's property rights.

41.     Plaintiff has made a demand upon Defendant for the return of the Deposit.

42.     Despite due demand, Defendant has failed to return the Deposit to Plaintiff.

43.     Defendant's refusal to return the Deposit to Plaintiff is unlawful and gives rise to a claim for conversion.

44.     As a result of Defendant's conversion, Plaintiff has incurred damages in an amount of at least $77,008.42, plus all losses or damages, direct or consequential, interest, costs, disbursements and attorneys' fees.

WHEREFORE, it is respectfully requested that this Court enter judgment on each and every claim for relief set forth above and award the following relief including in an amount to be determined at trial, but not limited to:

   a. The sum of not less than $77,008.42, plus all losses or damages, direct or consequential; and

   b. Attorneys' fees, costs, interest and disbursements; and

   c. All other and further relief, which to this Court seems just and proper.

Dated: New York, New York
       January 17, 2012

Respectfully submitted,

FOX ROTHSCHILD LLP

By: _____
Daniel A. Schnapp, Esq.
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900
(212) 692-0940 facsimile
*Attorneys for Plaintiff*